Jane Watson and others, plaintiffs in error v. John Mercer and Margaret Mercer.

90

The case was presented to the court on printed arguments, by Mr Hopkins and Mr Montgomery for the plaintiffs in error, and by Mr Rogers for the defendants.

94

96

98

Mr Rogers, for the defendants in error, argued :

100

Mr Hopkins, for the plaintiffs in error,

106

Mr Justice STORY delivered the opinion of the Court.

This is a writ of error to the supreme court of the state of Pennsylvania, brought under the twentieth section of the judiciary act of 1789, chapter 20.

The original suit is an ejectment by the defendants in error for certain lands in Lancaster county in the state of Pennsylvania, upon which a final judgment was rendered in their favour. The facts, so far as they are material to the questions over which this court has jurisdiction, are these. On the 8th of May 1785, James Mercer and Margaret his wife executed a deed of the premises, then being the property of the wife, to Nathan Thompson in fee, who afterwards, on the same day, reconveyed the same to James Mercer the husband, in fee; the object of the deeds being to vest the estate in the husband.

The certificate of the acknowledgement of the deed of Mercer and wife to Thompson by the magistrate who took the same, does not set forth all the particulars as were required by the law of Pennsylvania of the 24th of February 1770, respecting the acknowledgement of deeds of femes covert. The legislature of Pennsylvania, on the 26th of April 1826, passed an act, the object of which was, to cure all defective acknowledgements of this sort, and to give them the same efficacy as if they had been originally taken in the proper form. The plaintiffs in the ejectment claimed title to the premises under James Mercer the husband: and the defendants, as heirs at law of his wife, who died without issue. The ejectment was brought after the passage of the act of 1826.

In the case of the lessee of Watson and wife v. Bailey (1 Binney 470), the acknowledgement of this very deed from Mercer and wife to Thompson was held to be fatally defective to pass her title. But the act of 1826 has been repeatedly held by the supreme court of Pennsylvania, to be constitutional; and to give validity to such defective acknowledgements. It was so held in Barnet v. Barnet (15 Serg. and R. 72), and Tate and wife v. Stooltzfoos (16 Serg. and R. 35) : and again, upon solemn deliberation and argument, in the case now before this court. The object of the present writ of error is, to revise the opinions thus pronounced by the highest state court.

Our authority to examine into the constitutionality of the act of 1826, extends no farther than to ascertain, whether it violates the constitution of the United States; for the question, whether it violates the constitution of Pennsylvania, is, upon the present writ of error, not before us.

The act of 1826 provides, " that no grant, &c., deed of conveyance, &c., heretofore bona fide made and executed by husband and wife, and acknowledged by them before some judge, &c., authorised by law, &c. to take such acknowledgement as aforesaid, before the 1st day of September next, shall be deemed, held, or adjudged, invalid or defective, or insufficient in law, or avoided, or prejudiced, by reason of any informality or omission in setting forth the particulars of the acknowledgement made before such officer as aforesaid, in the certificate thereof ; but all and every such grant, &c., deed of conveyance, &c., so made, executed and acknowledged as aforesaid, shall be

as good, valid and effectual in law, for transferring, passing and conveying the estate, right and title, and interest of such husband and wife of, in and to the lands, &c., mentioned in the same, as if all the requisites and particulars of such acknowledgement mentioned in the act, to which this is supplementary, were particularly set forth in the certificate thereof, or approved upon the face of the same."

The argument for the plaintiffs in error is, first, that the act violates the constitution of the United States; because it devests their vested rights as heirs at law of the premises in question: and secondly, that it violates the obligation of a contract, that is, of the patent granted by the proprietaries of Pennsylvania to Samuel Patterson, the ancestor of the original defendants, from whom they trace their title to the premises, by descent through Margaret Mercer.

As to the first point, it is clear that this court has no right to pronounce an act of the state legislature void, as contrary to the constitution of the United States, from the mere fact that it devests antecedent vested rights of property. The constitution of the United States does not prohibit the states from passing retrospective laws generally ; but only ex post facto laws. Now it has been solemnly settled by this court, that the phrase, ex post facto laws, is not applicable to civil laws, but to penal and criminal laws, which punish no party for acts antecedently done which were not punishable at all, or not punishable to the extent or in the manner prescribed. In short, ex post facto laws relate to penal and criminal proceedings which impose punishments or forfeitures, and not to civil proceedings which affect private rights retrospectively. The cases Calder v. Bull, 3 Dall. R. 386, 1 Cond. Rep. 172; Fletcher v. Peck, 5 Cranch's R. 138, 2 Cond. Rep. 308 ; Ogden v. Saunders, 12 Wheaton's R. 266, 6 Cond. Rep. 523 ; and Satterlee v. Matthewson, 2 Peters's R. 380, fully recognize this doctrine.

In the next place, does the act of 1826 violate the obligation of any contract ? In our judgment it certainly does not, either in its terms or its principles. It does not even affect to touch any title acquired by a patent or any other grant. It supposes the titles of the femes covert to be good, however acquired; and only provides that deeds of conveyance made by them shall not be void, because there is a defective acknowledgement

of the deeds, by which they have sought to transfer their title. So far then as it has any legal operation, it goes to confirm, and not to impair the contract of the femes covert. It gives the very effect to their acts and contracts which they intended to give; and which, from mistake or accident, has not been effected. This point is so fully settled by the case of Satterlee v. Matthewson, 2 Peters's R. 380, that it is wholly unnecessary to go over the reasoning upon which it is founded.

Upon the whole, it is the unanimous opinion of the court, there is no error in the judgment of the supreme court of Pennsylvania, so far as it is subject to the revision of this court, and therefore it is affirmed with costs.

This cause came on to be heard on the transcript of the record from the supreme court of the commonwealth of Pennsylvania for the Lancaster district, and was argued by counsel: on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said supreme court in this cause be, and the same is hereby affirmed with costs.