Baldwin v. City of Newark.

BALDWIN v. THE CITY OF NEWARK.

1. As a general rule, a statute will be construed to be only prospective. But if the retrospective intention clearly appears on the face of a statute, the court will give it that effect, unless to do so will violate some constitutional provision.
2. A statute is not obnoxious to constitutional provisions in its retrospective operation, unless it be an *ex post facto* law, or impairs the obligation of a contract, or deprives a party of a remedy which existed when the contract was made.
3. The power of the legislature to change the form of the remedy where no substantial right under the contract is impaired, is well settled.
4. Where an assessment of damages in favor of an owner for lands taken, and also an assessment against such owner for benefits, have been made, for the recovery of which, separate action would lie, it is competent for the legislature to provide, by a subsequent statute, that both may be enforced in one action, by setting off the one against the other.

On writ of error to Essex Circuit.

Argued at June Term, before the CHIEF JUSTICE, and Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiff in error, *W. H. Hagaman, Jr.*

*Contra, W. B. Guild, Jr.*

The opinion of the court was delivered by

DEPUE, J. The plaintiff sues on a warrant dated August 4th, 1874, and signed by the mayor and clerk of the city, and countersigned by the auditor of accounts, for $1367.13. This warrant represents an assessment of damages to the plaintiff, for lands taken in the opening of Malvern street.

The defendants gave notice of an assessment against the plaintiff for benefits arising from the opening of the same street, amounting to $3320.10.

The court, under the provision of the supplement of March 10th, 1873, to the city charter, (*Acts*, 1873, *p.* 319,) allowed the assessment of benefits as satisfaction of the plaintiff's demand, and gave judgment, generally, for the defendants. On this judgment, a writ of error was sued out.

In its main features, this case is identical with *Loweree* v. *The City of Newark*, (*ante, p.* 151.) It differs in these particulars, that the award of damages was ratified December 1st, 1871, and the assessment of benefits, August 15th, 1872—both being prior to the supplement of 1873—and that the plaintiff is still the owner of the lands on which the assessment of benefits was laid.

On the fact that the award of damages and assessment of benefits were ratified before the supplement of 1873 became a law, it is contended that that act was improperly permitted to govern this case.

The seventh section of the act in question, in express words, provides for a set-off in all cases of awards of damages and assessments of benefits theretofore, as well as those thereafter made. As a general rule, statutes will be construed to be only prospective. But this principle is a mere rule of construction. Where the retrospective intention clearly appears on the face of a statute, the court will give it that effect, unless to do so would violate some constitutional provision. *Sedgw. on Statutes* 164; *Watson* v. *Mercer*, 8 *Pet.* 88.

A statute is not obnoxious to constitutional provisions in its retrospective operation, unless it be an *ex post facto* law, or impairs the obligation of contracts, or deprives a party of

a remedy for enforcing a contract which existed when the contract was made.

By the 103d section of the original charter of the city, the owner of lands taken, may, after the award of damages is made, sue the city for the same. By section 115, the city may collect the assessments of benefits by action against the owner for money laid out and expended, or by a sale of the lands whereon the assessment is imposed. (*Acts*, 1857, p. 170.)

The title to the lands on which the benefits were assessed being still in the plaintiff when the act of 1873 was passed, and down to the time of trial, he is " the owner," against whom the action to recover the assessment would lie, on any construction that could be adopted of those words in the charter.

When the act of 1873 became a law, these two claims— that of the plaintiff for his damages, and that of the city for the benefits—were uncollected. By the original charter, they were enforceable by separate actions. The act of 1873 provided for the collection of both in one suit, by making the one liable to be set off against the other.

The indebtedness of the city to the plaintiff for the damages awarded was not impaired or affected by this legislation. The form of the remedy, merely, was altered. The power of the legislature to change the form of the remedy where no substantial right under the contract is impaired, is too well settled to need discussion. *Rader* v. *The S. E. Road District*, 7 *Vroom* 273 ; 2 *Story on The Constitution*, § 1385.

Other exceptions were taken, which have been considered in *Loweree* v. *City of Newark, supra*.

There is no error in the proceedings below, and the judgment should be affirmed.