[No. 15501. Department One.—May 22, 1894.]

# EDGAR M. FOSTER, APPELLANT, v. BOARD OF POLICE COMMISSIONERS ET AL., RESPONDENTS.

MUNICIPAL ORDINANCE—REGULATION OF LIQUOR LICENSES—POLICE POWER —CONSTITUTIONAL LAW.—The ordinance of the city and county of San Francisco, known as Order Number 2637 amendatory of Order Number 1589, whereby it is provided that no license to sell liquor shall be granted to certain persons of specified classes, including, among others, any person who has carried on the business of selling liquors in any place where females are employed to wait, is a valid exercise of the police power under section 11 of article XI of the state constitution.

ID.—EFFECT OF CONSTITUTION UPON LOCAL STATUTE—POWER TO AMEND EXISTING REGULATION—CITY CHARTER.—The act of 1878 regulating liquor licenses in the city and county of San Francisco was upon a local subject included within section 11 of article XI of the constitution of 1879, giving to the city power to "make and enforce within its limits all such local, police, sanitary or other regulations as are not in conflict with general laws"; and the power to legislate upon such subjects thus given to the city necessarily includes the power to amend an existing regulation upon the same subject; and this authority expressly given in the constitution obviates all necessity of any authority being given upon the same subject in the charter.

ID.—RETROSPECTIVE ORDINANCE—EX POST FACTO LAW—FITNESS TO CONDUCT DANGEROUS BUSINESS.—A retrospective ordinance depriving persons of the right to a liquor license who have been convicted of felony, or who have carried on the business of selling liquor in places of amusement, where females were employed, is not an *ex post facto* law within the meaning of the constitution of this state, or of the United States, not being a penal or criminal law, nor punishing any past act committed, done, or suffered to be done; but simply furnishes a standard applicable to all persons, by which their fitness to conduct a business, in itself dangerous to the morals and good order of the city, shall be measured.

ID.—RIGHTS OF CITIZENS—SALE OF INTOXICATING LIQUORS.—There is no inherent right in a citizen to sell intoxicating liquors by retail.

ID.—DISCRIMINATION BETWEEN CITIZENS—QUALIFICATIONS FOR BUSINESS AFFECTING INTERESTS OF PUBLIC.—The legislative body has power to discriminate between citizens as respects qualifications for carrying on the liquor business; and such power of discrimination in respect to other occupations, when promotive of the best interests of the people, is always sustained.

ID.—SPECIAL LEGISLATION—GENERAL LAW.—An ordinance enacted by the city and county of San Francisco under the authority of the constitution, and not restricted to a part of the city and county, and which affects all persons of certain classes without discrimination, and as to them acts uniformly, is as to the city and county a general law, and not special legislation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Carroll Cook,* for Appellant.

The statute of 1878 is a part of the charter of the city and county of San Francisco, which was not repealed or abrogated by the constitution of 1879. (*Desmond* v. *Dunn,* 55 Cal. 242; *Staude* v. *Election Commrs.,* 61 Cal. 319; *People* v. *Hammond,* 66 Cal. 654; *Thomason* v. *Ashworth,* 73 Cal. 73; *People* v. *Pond,* 89 Cal. 141; *Staude* v. *Election Commrs.,* 61 Cal. 324; *Donahue* v. *Graham,* 61 Cal. 277–82; *Oakland Paving Co.* v. *Hilton,* 69 Cal. 479.) If not repealed, then any ordinance in conflict with it or imposing conditions in excess of those provided for in the act of 1878 is void. (*In re Sic,* 73 Cal. 142.) Even a local and special law regulating the internal affairs of a town and county is not unconstitutional if it become operative before the adoption of the constitution, as did the act of 1878. (*Kirkpatrick* v. *New Brunswick,* 40 N. J. Eq. 46; *Patterson* v. *State,* 48 N. J. L. 381, 388.) Municipal corporations can exist only by virtue of express legislative enactment, and exist solely under the authority of the legislature, until a new charter is adopted. (*Ex parte Frank,* 52 Cal. 606; *McCracken* v. *San Francisco,* 16 Cal. 591; *Wallace* v. *Mayor,* 29 Cal. 186; *McCoy* v. *Briant,* 53 Cal. 247; *San Jose* v. *San Jose etc. Co.,* 53 Cal. 475, 481; *Glass* v. *Ashbury,* 49 Cal. 571; *People* v. *Wilshire,* 96 Cal. 605.) A municipal board of police is clearly an agency of the state government, and *not* of the municipality. If so, they must obey mandates of the legislature and not of municipalities. (*People* v. *Hurlburt,* 24 Mich. 44; 9 Am. Rep. 103; *People* v. *Mahaney,* 13 Mich. 481; *Chicago* v. *Wright,* 69 Ill. 318–26; *Police Commrs.* v. *Louisville,* 3 Bush, 597; *Commonwealth* v. *Plaisted,* 148 Mass. 375; *State* v. *Seavey,* 22 Neb. 454; *Baltimore* v. *State,* 15 Md. 376; *People* v. *McDonald,* 69 N. Y. 362; *People* v. *Shepard,* 36 N. Y. 285; *Diamond* v. *Cain,* 21 La. Ann. 309;

*Ohio* v. *Covington,* 29 Ohio St. 102; *Commissioners* v. *St. Louis,* 34 Mo. 546; *State* v. *Hunter,* 38 Kan. 578.) When a municipal corporation is authorized to issue a license, such authority cannot be delegated to others. Thus, the board of aldermen of a city cannot delegate to the mayor alone the general authority of the city to grant licenses. (*Darling* v. *St. Paul,* 19 Minn. 389.) Conceding that the supervisors had power to pass such an ordinance as the one under consideration, still it is void as to the appellant as it prohibits him from carrying on his business. (*New Hampton* v. *Conroy,* 56 Iowa, 498; *Morris* v. *City Council,* 10 Ga. 532; *State* v. *Fay,* 44 N. J. L. 474; *Ward* v. *Greeneville,* 8 Baxt. 228; 35 Am. Rep. 700; *Pekin* v. *Smelzel,* 21 Ill. 464; 74 Am. Dec. 105.) The order is unequal and not uniform in its operation, and is special legislation. (Const. Cal., art. I, sec. 11; Const. Cal., art. IV, sec. 25; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Barbier* v. *Connolly,* 113 U. S. 27.) The constitution knows no distinction between persons, and the lawmaking power cannot discriminate or grant an indulgence to one which is not accorded to another. (*French* v. *Teschemaker,* 24 Cal. 518, 544; *Brooks* v. *Hyde,* 37 Cal. 366, 377, 378; *Ex parte Levy,* 43 Ark. 42; 51 Am. Rep. 550; *St. Louis* v. *Spiegel,* 90 Mo. 587; *Ex parte Frank,* 52 Cal. 606; *Omnibus* v. *Baldwin,* 57 Cal. 160, 165; *Miller* v. *Kister,* 68 Cal. 142, 145; *Van Zandt* v. *Waddell,* 2 Yerg. 258; *Ex parte Westerfield,* 55 Cal. 550.) The rights guaranteed by the constitution cannot be violated by the mere declaration that an occupation or any particular act is injurious to the public welfare.    (18 Am. & Eng. Ency. of Law, 746; *In re Jacobs,* 33 Hun, 374; 98 N. Y. 98; 50 Am. Rep. 636; *Union Co.* v. *Crescent City,* 111 U. S. 746; *Wyenhamer* v. *People,* 13 N. Y. 378; *Pumpelly* v. *Green Bay,* 13 Wall. 166; *In re Tie Loy,* 26 Fed. Rep. 611; *Yates* v. *Milwaukee,* 10 Wall. 497, 505; *Ward* v. *Maryland,* 12 Wall. 418, 430.)    The ordinance is an *ex post facto* law, and is therefore void. (*Bryne* v. *Stewart,* 3 Desaus. Eq. 466; *Commonwealth* v. *Wasson,* 29 Pitts. L. J. 434; *Fox* v. *Territory,* 5 West Coast Rep. 339; Cooley's Constitutional

Limitations, 3d ed., 165, 166, 175, 176, 191, 198, 201, 202, 256, 257, 259, 262, ·264, 265, 266, 391, 392, 393, and notes; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Calder* v. *Bull,* 3 Dall. 386; *Fletcher* v. *Peck,* 6 Cranch, 87; *Watson* v. *Mercer,* 8 Pet. 88, 109; *Ogden* v. *Sanders,* 12 Wheat. 213, 266; *Cummings* v. *Missouri,* 4 Wall. 277; *Ex parte Garland,* 4 Wall. 333; *Hartung* v. *People,* 22 N. Y. 95; *Hartung* v. *People,* 26 N. Y. 167; *Hartung* v. *People,* 26 N. Y. 167, 188; *Shepherd* v. *People,* 25 N. Y. 406; *Davis* v. *Pierse,* 7 Minn. 13; 82 Am. Rep. 65; *People* v. *Nolan,* 115 N. Y. 660; *Medley case,* 134 U. S. 160; *State* v. *McDonald,* 20 Minn. 137; *Wilson* v. *O. & M. Co.,* 64 Ill. 542, 545; 16 Am. Rep. 565; Const. U. S., art. I, secs. 9 and 10; Const. U. S., art. XIV, sec. 1; Const. Cal., art. I, sec. 16; Desty's Const. Cal., pp. 201, 202; *Henderson* v. *Mayor,* 92 U. S. 259, 272; *Barbier* v. *Connolly,* 113 U. S. 27.)

*H. T. Creswell,* for Respondent.

The power of the board to pass the ordinance is ample under the constitution. (Const., sec. 11, art. XI.) The act of 1878 was not entirely inconsistent with the new constitution, and hence was not wholly repealed by it. So much of the act as confers power upon the police commissioners to grant or withhold consent to the issuance of licenses remains in force. (See *Thomason* v. *Ashworth,* 73 Cal. 73; *In re Stuart,* 61 Cal. 374; *Ex parte Christensen,* 85 Cal. 208, 213.) But whether the power of the police commissioners is now derived from the act of 1878, or from the·ordinance of the board of supervisors, the provision of the constitution giving to municipal corporations power to pass all police regulations not in conflict with general laws would enable them to confer the power here exercised by respondents upon any person or body of persons they may see fit. (*Ex parte Campbell,* 74 Cal. 20, 23, 26; *Ex parte Christensen,* 85 Cal. 208; *Ex parte Stuart,* 61 Cal. 374; *Ex parte Hayes,* 98 Cal. 555.) The ordinance is a valid exercise of police powers, and is not special legislation. (*Ex parte Smith and Keating,* 38 Cal. 702, 710–12; *People* v. *Henshaw,* 76 Cal. 436,

442; *Abeel* v. *Clark*, 84 Cal. 226; *Ex parte Chin Yan*, 60 Cal. 78; *Ex parte Moynier*, 65 Cal. 33, 36; *In re Hang Kie*, 69 Cal. 149; *Barbier* v. *Connolly*, 113 U. S. 27; *Ex parte Lichtenstein*, 67 Cal. 359; *Ex parte Fiske*, 72 Cal. 125, 128; *Matter of Yick Wo*, 68 Cal. 294.)   The ordinance is not an *ex post facto* law.   (See *Calder* v. *Bull*, 3 Dall. 386.)   The order is not invalid as making a discrimination as to sex.   (*Ex parte Felchelin*, 96 Cal. 360; *Ex parte Maguire*, 57 Cal. 604, 610; *Ex parte Hayes*, 98 Cal. 555.)   Limitations upon police powers do not affect the ordinance.   The fourteenth amendment of the constitution of the United States was not designed to abridge the police powers of the states.   (*Barbier* v. *Connolly*, 113 U. S. 27; *Mugler* v. *Kansas*, 123 U. S. 623, 664, 668; *In re Hoover*, 30 Fed. Rep. 51; *Powell* v. *Pennsylvania*, 127 U. S. 678.)   That municipal corporations have power to pass laws of this nature has been decided in *Ex parte Christensen*, 85 Cal. 208; *Crowley* v. *Christensen*, 137 U. S. 86; and that the police power as to the liquor traffic is practically unlimited, see *State* v. *Addington*, 12 Mo. App. 214; *Ex parte Christensen*, 85 Cal. 208, 213; *Trageeser* v. *Gray*, 73 Md. 250; *In re Hoover*, 30 Fed. Rep. 51; *In re Bickerstaff*, 70 Cal. 35; *People* v. *Gillson*, 109 N. Y. 389; *In re Jacobs*, 98 N. Y. 98, 107; *Mugler* v. *Kansas*, 123 U. S. 623, 661.

HAYNES, C.—Appellant petitioned the superior court for a writ of mandate to compel the board of police commissioners to consent to the issuance to him of a license as a retail liquor dealer.   An alternative writ was granted, and upon the return thereof the defendants demurred to the petition, and this appeal is from the judgment entered thereon dismissing the writ.

Appellant was the proprietor of the Bella Union Theater, and in connection therewith had a saloon in which, prior to May 1, 1893, females were employed to wait upon those who patronized his place of business.   His license for the theater was from April 15 to September 15, 1893.   His license for the sale of liquor expired June 1, 1893.   On May 1st he closed his place of business for

repairs.   On June 12, 1893, he applied to the license
collector for a retail liquor dealer's license, and that offi-
cer refused to issue it, and gave as the ground of such
refusal that the board of police commissioners had in
writing directed him not to issue such license to appel-
lant, for the reason that appellant, prior to that time,
had employed and permitted females to wait upon cus-
tomers therein.

The petition further alleged that he applied to said
board of police commissioners for such consent, assur-
ing them that "he did not intend, and would not, if
such license was granted to him as requested, either
procure or suffer any females to wait on or attend in any
manner any person in his place of business," and also
tendered a recommendation in writing of twelve citizens
owning real property in the block in which his said
business was to be carried on that such license be
granted.

This application was denied upon the ground that
appellant had prior thereto employed and permitted
females to wait upon customers in his said place of
business, and the sole question to be determined upon
this appeal is the validity of an ordinance approved
July 28, 1880, known as order No. 1589, as amended
May 22, 1893, by order No. 2637.   The material part of
the amended section, so far as this appeal is concerned,
is as follows:

"*Provided, however,* as a police measure for the sup-
pression of public vice, immorality, and crime, that no
license shall be granted under this section, upon the
recommendation of citizens or otherwise, to any person
who has been convicted of felony, or to any person who
has carried on, is carrying on, or is about to carry on
the business of selling or furnishing spirituous, malt, or
fermented liquors or wines in any dance-cellar or dance-
hall, or in any place where females are suffered or pro-
cured to wait or attend in any manner on any person,
and wherein also any musical, theatrical, or other pub-
lic exhibition or performance is exhibited or performed,

or in connection with any resort for lewd, immoral, or unlawful purposes."

Appellant contends that this ordinance is void, and bases this contention upon several grounds.

1. That the act of March 23, 1878, is a part of the consolidation act or charter of the city of San Francisco; that this act was not repealed by the constitution of 1879, and that the amended ordinance is in conflict therewith.

The second subdivision of section 4 of that act is as follows:

" Those making sales of less than fifteen thousand dollars per quarter shall pay a license of twenty dollars per quarter; *provided,* that on and after January 1, 1879, no license as a retail liquor dealer shall be issued by the collector of license unless the person desiring the same shall have obtained the written consent of a majority of the board of police commissioners of the city and county of San Francisco to carry on or conduct said business; but in case of . refusal of such consent, upon application, said board of police commissioners shall grant the same upon the written recommendation of not less than twelve citizens of San Francisco owning real estate in the block or square in which said business of retail liquor dealer is to be carried on, or in the four blocks or squares bounding the same." (Stats. 1877–78, p. 444.)

It may be conceded that the constitution of 1879 did not repeal the act of 1878, but the act in question was purely local, applicable only to the city and county of San Francisco, and was upon a subject included within section 11 of article XI of the constitution, which provides as follows:

"Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary or other regulations as are not in conflict with general laws."

The power to legislate upon such subjects, thus given to the city, necessarily includes the power to amend an

existing regulation upon the same subject; and this authority expressly given in the constitution obviates all necessity of any authority being given upon the same subject in the charter. Whilst this case presents some questions not heretofore considered by this court, the power of the board of supervisors to amend the former ordinance has been considered and decided. See *Ex parte Christensen*, 85 Cal. 208; *Crowley* v. *Christensen*, 137 U. S. 86; *Ex parte Hayes*, 98 Cal. 556; and in the case last cited it was held that the ordinance here in question is a valid exercise of the power conferred by that provision of the constitution hereinbefore quoted.

It is further insisted by appellant that the amended ordinance in question, so far, at least, as it affects this case, is void. 1. Because it is *ex post facto*, and imposes a penalty and consequence for an act that was done prior to the passage of the order; 2. Because the ordinance is not equal and uniform in its operation; and, 3. That it is special legislation.

1. The ordinance in question is not an *ex post facto* law within the meaning of the constitution of this state or of the United States. In *Watson* v. *Mercer*, 8 Pet. 88, 110, it was said: "The phrase, *ex post facto* laws, is not applicable to civil laws, but to penal and criminal laws, which punish a party for acts antecedently done, which were not punishable at all, or not punishable to the extent or in the manner prescribed."

In *Ogden* v. *Saunders*, 12 Wheat. 213, 267, in speaking of bills of attainder, *ex post facto* laws, and laws impairing the obligation of contracts, it was said:

"The first two of these prohibitions apply to laws of a criminal, and the last to laws of a civil character."

And such is the uniform construction given by all the authorities.

The ordinance in question punishes no past act committed, done, or suffered to be done by appellant. It simply furnishes a standard applicable to all persons, by which their fitness to conduct a business, in itself dangerous to the morals and good order of the city, shall

be measured.    As was said by Field, J., in *Crowley* v. *Christensen,* 137 U. S. 91:

"The statistics of every state show a greater amount of crime and misery attributable to the use of ardent spirits obtained at these retail liquor saloons than to any other source.    The sale of such liquors has therefore been at all times, by the courts of every state, considered as the proper subject of legislative regulation.    There is no inherent right in a citizen thus to sell intoxicating liquors by retail."    (See, also, Cooley's Constitutional Limitations, 6th ed., 342.)

In that case, after discussing other questions, the court further said:

"We, however, find in the return a statement which would fully justify the action of the commissioners. It is averred that in the conduct of the liquor business the petitioner was assisted by his wife, and that she was twice arrested for larcenies committed from persons visiting his saloon, and in one case convicted of the offense and sentenced to be imprisoned, and in the other held to answer.    These larcenies alone were a sufficient indication of the character of the place in which the business was conducted, for the exercise of the discretion of the police commissioners in refusing a further license to the petitioner."

If the past offenses of Christensen's wife were sufficient to justify a refusal to grant a license to him, certainly the past conduct of appellant in employing females, though not then prohibited by law, is quite as conclusive evidence of his unfitness to conduct a saloon.    His protestation that he did not intend, and would not in the future procure or permit, females to wait upon his customers does not aid him.    A man who has in the past shown himself willing to debauch the morals of the community to increase his business would not in the future refrain from any line of conduct in the prosecution of his business which would not bring upon himself personally the penalty of the law, whatever of evil it might bring to others.    The ordinance was there-

fore not only constitutional, but wise, and should be scrupulously observed by those intrusted with its execution.

But appellant contends that the ordinance properly construed applies only to those who have, *since its adoption*, violated its provisions. But this construction cannot be sustained. The language is too explicit to admit it. Though not an *ex post facto* law, it is retrospective in so far as it determines from the past conduct of the party his fitness for the proposed business. Felons are also excluded from obtaining such license, not as an additional punishment, but because the conviction of a felony is evidence of the unfitness of such persons as a class; nor can we perceive why such evidence should be more conclusive of unfitness were the act done after the passage of the ordinance than if done before.

It is also insisted that the ordinance under consideration is objectionable for want of uniformity, and that it discriminates between different persons.

That it affects all persons of certain classes without discrimination, and as to them acts uniformly, cannot be questioned. The question, however, is as to the power to discriminate at all. The power thus to discriminate is well settled by the authorities hereinbefore cited, and by many others. This power is exercised in relation to many other occupations besides that of selling liquor, and when promotive of the best interests of the people is always sustained.

The occupations of engineers and pilots on vessels, and of druggists, physicians, lawyers, and others are confined by law to persons having certain qualifications, and who are licensed therefor, upon the ground that the protection of the life, health, and welfare of the people at large require those who pursue these avocations to have those qualifications which will prevent, as far as possible, the evils which would result from ignorance and incompetency. Counsel, quoting from *Miller* v. *Kister*, 68 Cal. 142, 145, say: "The legislature cannot discriminate or grant an indulgence to one which is not accorded to another." But the legislature *does* discrim-

inate, and in many cases properly, whilst in those cases
where the public are affected only by depriving an indi-
vidual of a right common to all others, the exercise of
which is not attended with evil consequences, the above
quotation applies.

Nor is it special legislation.  If it had been enacted
by the legislature, being applicable only to the city and
county of San Francisco, it would have been special
legislation, because restricted to a portion of the state;
but being enacted by the city and county under the
authority of the constitution, and not restricted to a
part of the city and county, it is, as to the city and
county, a general law.

As to the supposed conflict with the laws of the state,
that question is settled by *Ex parte Christensen*, 85 Cal.
208, and *Ex parte Hayes*, 98 Cal. 555.

Many other points are made by counsel for appellant,
all of which have been considered, but as the points
decided are necessarily conclusive of the case they need
not be noticed here.

The judgment appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the
judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.