INCORPORATED TOWN OF WESSINGTON, Appellant, v.
MATEJKA, Respondent.

(148 N. W. 847.)

**Intoxicating Liquors—Nuisance—Sale, Place of—Absence of Ordinance.**

Pol. Code, Sec. 1546, subd. 3, as amended by Laws 1907, Ch. 178, makes any place where liquors are unlawfully sold a common nuisance; Sec. 1438 authorizes trustees of a town to regulate and restrain the sale of liquors, to declare what shall constitute a nuisance, and to make such by-laws, ordinances and regulations not repugnant to the laws of the state as are necessary to carry into effect the provisions of the article, but that regulations, except for emergencies, shall be published, or posted, etc., before taking effect. **Held**, that, a town having voted in favor of sale of intoxicating liquors, the board of trustees, in absence of any ordinance or regulation duly passed, could not, by mere motion in granting a license, limit a licensee's right to conduct his business to a particular side of a street.

Whiting and McCoy, J. J., concur in the result only.

(Opinion filed October 6, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by the Incorporated Town of Wessington against Frank E. Matejka, to restrain defendant's continuance of the sale of intoxicating liquor on the west side of Wessington Avenue. From a judgment for defendant, plaintiff appeals. Affirmed.

*Archie C. Talboy,* and *A. W. Wilmarth,* for Appellant.

*Fred Duffy,* and *Null & Royhl,* for Respondent.

Appellant cited:

Pol. Code, Sec. 1546; Town of Britton v. Guy et al., 17 S. D. 588; Pol. Code, Sec. 1438, subd. 7; Session Laws 1903, Ch. 167; Perry v. City Council of Salt Lake City, 25 Pac. 739; Black on Intoxicating Liquors, Sec. 233; Martin v. State, 36 N. W. 558; State ex rel. Ossenhop v. Com'rs of Cass County, 10 N. W. 571; Sherlock v. Stewart, 55 N. W. 845.

Respondent cited:

Sec. 2838, Pol. Code; Ch. 178, Laws of 1907.

SMITH, P. J. In April, 1913, the electors of the town of Wessington voted in favor of the sale of intoxicating liquors. The board of trustees thereafter passed a resolution for a special

election submitting the question: "Shall the saloons be located on the east side of Wessington avenue?" A majority of the voters voted in the affirmative. The vote was canvassed by the board; on June 9, 1913, the result spread on the minutes of the meeting; and the board thereupon proceeded to act on petitions for licenses. The defendant was a petitioner for license, and had complied with all precedent requirements of the law. The location petitioned for was on the west side of Wessington avenue. The board granted him a license or permit to sell intoxicating liquors "at the place described in his petition for a reasonable length of time, during which time he shall provide a place on the east side of Wessington avenue, and at the expiration of such time he shall move to such place on the east side of Wessington avenue, such time not to exceed six months."

The defendant paid the annual license of $600 to the town and $400 to the county, and from July 1, 1913, to the beginning of this action, conducted his saloon on lot 12, block 2, the place named in his petition, on the west side of Wessington avenue.

About January 1, 1914, plaintiff began this action to enjoin the defendant from continuing business on the west side of the avenue. No violation of any law or failure to comply with any ordinance of the city is charged. The sole ground of the action is that defendant has failed to provide and occupy a place of business on the east side of the avenue, as specified in the motion upon which the board granted the license. The action was tried on January 20, 1914. Facts above recited were stipulated. Judgment was entered for defendant, and this appeal was perfected.

Appellant's assignments of error raise but a single question, viz.: Was defendant and respondent guilty of a nuisance in maintaining his saloon on the west side of Wessington avenue after January 1, 1914?

Under subdivision 3, § 1546, Pol. Code 1903, as amended by chapter 178, Laws 1907, any place where liquors are *unlawfully sold* is deemed a public or common nuisance, and such sale may be enjoined at the suit of the municipality or municipal authorities. Town of Britton v. Guy, 17 S. D. 588, 97 N. W. 1045. It is not contended that the limitation contained in the motion or resolution under which the license was granted was authorized by any express statute or ordinance of the city. It is appellant's contention

that an ordinance is not necessary; that the statutes give boards of trustees the right to grant licenses upon such conditions as they see fit. In this we think appellant is in error.

Section 1438, Political Code, provides:

"The board of trustees shall have full powers, namely: * * * 7. To license, regulate or restrain auction establishments, traveling peddlers, public exhibitions, and the sale of intoxicating liquors within the corporation."

Subsection 4:

"To declare what shall constitute a nuisance and to prevent, abate and remove the same, and take such other measures for the preservation of the public health as they shall deem necessary."

Subsection 18:

"To make and establish such by-laws, ordinances and regulations not repugnant to the laws of this state as may be necessary to carry into effect the provisions of this article, and to repeal, alter or amend the same as they shall seem to the board of trustees of such town to require; but every by-law, ordinance or regulation, unless in case of emergency, shall be published in the newspaper in such town if one be printed therein, or posted in five public places at least 10 days before the same shall take effect."

Subsection 7, above quoted, was originally enacted long prior to the enactment of our present laws regulating the sale of intoxicating liquors, and was entirely in consonance with then existing laws, relating to the control and license of the sale of intoxicating liquors, but it is unnecessary, at this time, to determine whether this provision of the law has been repealed by existing laws on that subject. It is sufficient, for the purposes of this case, to observe that, if it be assumed that authority to license, regulate, or restrain the sale of intoxicating liquors within the corporation is conferred upon incorporated towns, yet under subsection 18, above quoted, such powers can be exercised only by the enactment of such by-laws, ordinances, and regulations, not repugnant to the laws of this state, as may be necessary to carry into effect the power conferred. Powers thus conferred upon municipalities can only be exercised in such manner that they shall operate uniformly upon all persons, and cannot be exercised arbitrarily in favor of one citizen and against another equally entitled to the benefit to be derived from its exercise. It is not claimed, in this case, that any

by-law, ordinance, or regulation of the town of Wessington has been violated by the defendant. The cases of Foster v. Board, etc., 102 Cal. 483, 37 Pac. 763, 41 Am. St. Rep. 194; State ex rel. v. City Council, 7 Wyo. 417, 52 Pac. 975, 40 L. R. A. 71; City v. Hatcher, 101 Va. 523, 44 S. E. 723; Sherlock v. Stuart, 96 Mich. 193, 55 N. W. 845, 21 L. R. A. 580—cited by appellant, are not inconsistent with this view.

The judgment and order of the trial court are affirmed.

WHITING, J., concurs in result. McCOY, J., concurs in result only.