[Civ. No. 17263.   Second Dist., Div. One.   May 24, 1950.]

LYNN B. MURRILL, Appellant, v. STATE BOARD OF ACCOUNTANCY, etc., et al., Respondents.

George Finucane for Appellant.

Fred N. Howser, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondents.

DRAPEAU, J.—Petitioner seeks a writ of mandate to compel the State Board of Accountancy to set aside and rescind its order revoking his license to practice public accountancy.

On June 16, 1947, in the United States District Court at Los Angeles, petitioner entered a plea of guilty to charges of violating section 145(a) of title 26, U.S.C.A., to wit: "failure to supply information for the assessment of income tax" in connection with returns therefor made by him for certain of his clients for the year 1944. He was sentenced to one year's imprisonment on each of two counts, such sentences to run consecutively. The sentence on count 2 was suspended and petitioner was placed on probation for a period of two years.

On April 27, 1948, petitioner was cited to appear before respondent board for disciplinary action on a charge of unprofessional conduct, to wit: that he "did wilfully and knowingly hide, or cause to be hidden, the true income of a client, in order to defraud the United States Government of its true and rightful assessment of taxes." Said citation also alleged that petitioner had theretofore been convicted of such offense upon his plea of guilty; and that such conviction constituted ground for revocation of his license pursuant to section 5100(b) of the Business and Professions Code.

Upon hearing respondent board adjudged petitioner guilty of unprofessional conduct, as charged, and revoked his license to practice public accountancy in California. An alternative writ was issued in the instant proceeding and upon return thereof a general demurrer to the petition was sustained without leave to amend.

■ Petitioner appeals from the order sustaining the demurrer, and also from the judgment denying his petition for writ of mandate, affirming revocation of his license and discharging the alternative writ. The order sustaining the demurrer is not appealable. (*Ross* v. *O'Brien*, 1 Cal.App.2d 496, 498 [36 P.2d 1108].)

■ Appellant urges that the violations of the income tax law occurred prior to the effective date of the State Accountancy Act; hence the application given to section 5100(b) of the Business and Professions Code is (1) *ex post facto* as to

him; and (2) retrospective and therefore void as depriving him of a vested right.

*Foster* v. *Police Commissioners*, 102 Cal. 483, 490-492 [37 P. 763, 41 Am.St.Rep. 194], involved the validity of an ordinance revoking a license to sell liquor on the ground of misconduct prior to the issue of the license. The Supreme Court in sustaining the ordinance commented as follows:

"The ordinance in question is not an *ex post facto* law within the meaning of the constitution of this state or of the United States. In *Watson* v. *Mercer*, 8 Pet. 88, 110 [8 L.Ed. 876], it was said: 'The phrase, *ex post facto* laws, is not applicable to civil laws, but to penal and criminal laws, which punish a party for acts antecedently done, which were not punishable at all, or not punishable to the extent or in the manner prescribed.'

"In *Ogden* v. *Saunders*, 12 Wheat. 213, 267 [6 L.Ed. 606], in speaking of bills of attainder, *ex post facto* laws, and laws impairing the obligation of contracts, it was said:

" 'The first two of these prohibitions apply to laws of a criminal, and the last to laws of a civil character.'

"And such is the uniform construction given by all the authorities.

"The ordinance in question punishes no past act committed, done or suffered to be done by appellant. It simply furnishes a standard applicable to all persons, by which their fitness to conduct a business, in itself dangerous to the morals and good order of the city, shall be measured. . . .

"But appellant contends that the ordinance properly construed applies only to those who have, *since its adoption*, violated its provisions. But this construction cannot be sustained. The language is too explicit to admit it. Though not an *ex post facto* law, it is retrospective in so far as it determines from the past conduct of the party his fitness for the proposed business. Felons are also excluded from obtaining such license, not as an additional punishment, but because the conviction of a felony is evidence of the unfitness of such persons as a class; nor can we perceive why such evidence should be more conclusive of unfitness were the act done after the passage of the ordinance than if done before." See, also, *McDonough* v. *Goodcell*, 13 Cal.2d 741, 750 [91 P.2d 1035, 123 A.L.R. 1205].

■ Appellant did not acquire a vested right to practice accountancy by reason of his registration certificate. As was

so aptly stated in *Gregory* v. *Hecke,* 73 Cal.App. 268, 283 [238 P. 787] : ''The general right to engage in a trade, profession or business is subject to the power inherent in the state to make necessary rules and regulations respecting the use and enjoyment of property necessary for the preservation of the public health, morals, comfort, order and safety; such regulations do not deprive owners of property without due process of law. (12 C.J., p. 1272, § 1074.) No person can acquire a vested right to continue, when once licensed, in a business, trade or occupation which is subject to legislative control under the police powers. (6 R.C.L., p. 482, § 481; *Hurtado* v. *California,* 110 U.S. 516 [28 L.Ed. 232, 4 S.Ct. 111, see, also, Rose's U.S. Notes].)''

Revocation of a license is not penal in any respect, and its only purpose is to protect the public from incompetence and lack of integrity in those practicing trades and professions.

██ Pursuant to section 5100(b) *supra,* the certificate of an accountant may be revoked upon the ground ''(b) Conviction of any crime, an essential element of which is dishonesty, deceit or fraud.''

Appellant contends that the accusation before the State Board of Accountancy is fatally defective, ''in that it does not appear that dishonesty, deceit or fraud is an essential element of the crime upon which plaintiff was convicted.''

Section 145(a), Title 26, U.S.C.A. reads: ''*Failure to file returns, submit information, or pay tax.* Any person required under this chapter to pay any estimated tax or tax, or required by law or regulations made under authority thereof to make a return or declaration, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any estimated tax or tax imposed by this chapter, who *willfully fails to* pay such estimated tax or tax, make such return or declaration, keep such records, or *supply such information,* at the time or times required by law or regulations, *shall,* in addition to other penalties provided by law, *be guilty of a misdemeanor,* and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.'' (Emphasis included and added.)

In connection with this point, appellant argues that since he pleaded guilty in Federal Court and there is no factual record of the proceedings therein, he is entitled to the presumption that the conviction was for the least offense punish-

able under the statute, i. e., mere negligence, honest mistake or inadvertence.

By pleading guilty to a *willful failure* to supply the information required by section 145(a), title 26, U.S.C.A., such defense is not now available to petitioner.

"A willful differs essentially from a negligent act. The one is positive and the other negative. . . . In common parlance, 'willful' is used in the sense of 'intentional', as distinguished from 'accidental' or 'involuntary'." (Black's Law Dictionary, 2d ed.)

"The word 'wilfully' as used in criminal statutes implies a purpose of willingness to commit the act (Pen. Code, § 7, subd. 1), and although it does not require an evil intent, it implies that the person knows what he is doing intends to do what he is doing and is a free agent." *In re Trombley*, 31 Cal.2d 801, 807 [193 P.2d 734].

*Rheb* v. *Bar Ass'n of Baltimore City*, 186 Md. 200 [46 A.2d 289, 291], was a proceeding for disbarment of an attorney, who had theretofore pleaded guilty in federal court to an indictment charging a violation of section 145(a), title 26, U.S.C.A. (here under consideration).

The statutory grounds for disbarment of an attorney in Maryland are "professional misconduct, malpractice, fraud, deceit, crime involving moral turpitude, or conduct prejudicial to the administration of justice." Appellant there contended that the facts and circumstances upon which he was convicted in the federal court did not (1) establish his guilt of a crime involving moral turpitude; or (2) sufficiently connect him with deceit or misrepresentation.

The court stated: "The appellant testified (at the disbarment hearing) that he had been practicing law since 1932, but that he had never filed an income tax return of his personal income, federal or state. He admitted that he made $6,500 in 1939 (as to which limitations prevented indictment), that he made from $7,500 to $10,000 in each of the years 1940 and 1941, and 'a top of $7,500 in 1942.' He admitted knowing the requirements of law in regard to returns, testified that he made returns for others, attributed his own failure to 'just pure neglect'. These admissions, coupled with his admitted failure to keep adequate records, justify a finding that he deliberately failed to make returns or keep records for the purpose of cheating the Federal Government and the State of Maryland out of taxes justly due. We think it is immaterial

whether the federal crime is to be classed as a misdemeanor or a felony, an act of omission or commission. *Such conduct might properly be characterized as fraud or deceit*, even if it did not involve moral turpitude. However, the authorities support the proposition that a crime of this character, even though not a felony, involves moral turpitude.''

Likewise in the case under review, appellant was convicted of a crime, an essential element of which may properly be characterized as dishonesty, deceit or fraud. He was convicted after the effective date of the State Accountancy Act and his license was revoked because of that conviction.

For the reasons stated, the judgment is affirmed, and the purported appeal from the order is dismissed.

White, P. J., and Doran, J., concurred.