[Crim. No. 393.   In Bank.—November 25, 1898.]

## THE PEOPLE, Respondent, v. A. L. KNOTT, Appellant.

CRIMINAL LAW—HOMICIDE—SUSPENSION OF JUDGMENT TO TRY INSANITY—INSUFFICIENT SHOWING.—A motion to suspend a judgment convicting a defendant of murder in the first degree (upon whose trial no question of insanity was raised), pending an inquiry as to his insanity under section 1201 of the Penal Code, based upon an affidavit of his attorneys upon information and belief that he was not of sound mind, and that from his conversation and actions they believed and alleged him to be insane, is based upon too slight evidence to warrant disturbing upon appeal an order denying the motion, on the ground stated that no doubt had arisen in the mind of the court as to the sanity of the defendant, such as to require the question of insanity to be tried.

ID.—INSTRUCTIONS AS TO DEGREE OF MURDER—"ENORMITY OF ACT"—HARMLESS ERROR.—Where the instructions, taken as a whole, clearly and fully gave the distinction between murder in the first degree and murder in the second degree, and there was evidence from which the prosecution claimed that it was committed with malice aforethought, and by means of "lying in wait," an instruction that if he so took the life of the deceased he was guilty of murder in the first degree, and that, "irrespective of this, if he took the life" of the deceased "unlawfully and with malice aforethought," he was "guilty of murder of the first degree or murder in the second degree, according to the enormity of the act," though not to be approved in using the phrase "according to the enormity of the act," is not prejudicially erroneous.

ID.—EVIDENCE OF "LYING IN WAIT"—QUESTION FOR JURY.—Evidence that the deceased was in the habit of traveling along a street upon which he was killed at night by the defendant while passing thereupon, after the close of his business, tends to support the claim of the prosecution that he was killed by means of "lying in wait," and though weakened in the absence of proof that the defendant knew of his habit of traveling along that street at night, its weight and importance were to be determined by the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a new

trial, and denying a motion to suspend the judgment pending an inquiry as to insanity of the defendant.     William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Lewis Morris, and Augustus Tilden, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

McFARLAND, J.—The defendant was convicted of murder in the first degree, and judgment was rendered against him imposing the penalty of death. He appeals from the judgment, from an order denying his motion for a new trial, and from an order denying his motion for suspension of judgment pending an inquiry as to his insanity.

1. It is not necessary to determine whether or not the ruling of the court upon the motion to suspend the judgment on account of insanity can be inquired into on this appeal; for, if that question could be reviewed here, there is no reason for disturbing the ruling of the court on that subject. It appears that during the trial of the cause no point was made as to the insanity of the appellant, and no evidence introduced upon that subject. But a few days afterward, when the appellant appeared for judgment, a motion to suspend the judgment was made, which motion was based entirely upon a short affidavit of his two attorneys, in which affidavit it was stated that the affiants were "informed and believes, and upon such information and belief alleges, that the said A. L. Knott was not of sound mind"; and that "during two months last past" they had frequently seen and talked with the appellant, and from his conversations and actions "believes and alleges that he is insane," and that judgment should be suspended upon an inquisition, et cetera. Section 1201 of the Penal Code, under which this motion was made, provides that: "If in the opinion of the court there is reasonable ground for believing him to be insane, the question of insanity must be tried," et cetera. In denying the motion, the court declared "that no doubt had arisen in the mind of the court as to the sanity of the defendant"; and under the circumstances of

the case we do not think that the slight evidence offered would warrant us in disturbing the conclusion at which the learned judge of the court below arrived.

2. The appellant contends that the case should be reversed because the court gave the following instructions: "As I have stated to you already, if Knott unlawfully took the life of Knauer with malice aforethought, and by reason of 'lying in wait,' he is guilty of murder in the first degree, for it is so declared by the statute. Irrespective of this, if he took the life of Joseph Knauer—took it unlawfully and with malice aforethought—Knott is guilty of murder of the first degree, or murder in the second degree, according to the enormity of the act, and in view of all the circumstances under which Knauer's life was taken. Such unlawful killing with malice aforethought is murder." Counsel for appellant contends that this instruction assumes that there may be murder of the first degree "irrespective" of murder declared by the statute. But that view of the instruction is clearly incorrect. The prosecution contended that appellant took the life of the deceased by means of "lying in wait"; and the instruction clearly means that, irrespective of the question of lying in wait, he would be guilty of murder in the first degree if certain other circumstances existed. The latter part of this instruction is, however, one not to be approved as a proper addition to a correct statement of the distinction between murder in the first degree and murder in the second degree; but we do not see anything in it that could be understood in any sense prejudicial to the appellant. If the words "according to the enormity of the act" were not in the instruction, it would be colorless and of no importance at all, and we do not see how the words just quoted could possibly have injured the appellant. The instruction possibly might have had some little importance if it had stood alone; but before it was given the court had very fully and clearly and correctly defined murder in the first degree and murder in the second degree, and very explicitly stated the distinction between them. So that, while we cannot approve the instruction excepted to, we do not think it affords any ground for a reversal of the judgment. None of the cases cited by the appellant upon this question are in point.

3. The deceased was killed at night while going along a street called Stevenson street, and it is contended that the court erred in allowing evidence to the point that deceased was in the habit of traveling that street alone at night after the close of his business, without showing that the defendant had knowledge of that habit.   Evidence that the deceased was in the habit of traveling that street as aforesaid was proper evidence as tending to support the claim of the prosecution that he was killed by means of lying in wait, and, while that evidence would be weakened by the absence of proof that the appellant knew that fact, still it was not erroneous to admit proof of the fact, its weight and importance to be determined by the jury.

4. It is contended that the court erroneously allowed the introduction of the dying declaration of the deceased.   We do not deem it necessary to state here the facts under which the declaration was made; it is sufficient to say here that in our opinion the admission of the declaration in evidence was clearly correct.

5. It is contended here that the evidence does not support the verdict.   We think, however, that the evidence was legally sufficient to warrant the jury in finding the verdict which they rendered; and it would be a useless task to restate the evidence here.

The judgment and orders appealed from are affirmed.

Temple, J., Harrison, J., Van Fleet, J., Garoutte, J., and Beatty, C. J., concurred.