[No. 20179.    Department Two. — June 23, 1886.]

IN  THE  MATTER  OF  JOHN  BICKERSTAFF,  ON HABEAS CORPUS.

MUNICIPAL CORPORATIONS — REGULATING SALE OF LIQUORS — LICENSE — CONSTITUTIONAL LAW. — The right to pursue a lawful employment is one of the privileges and immunities guaranteed to a citizen by the constitution of the United States; but such right is not abridged, within the meaning of the fourteenth amendment to the constitution, by a municipal ordinance which merely regulates the sale of liquors and imposes a license thereon without prohibiting their sale.

ID. — CONDITIONS TO ISSUANCE OF LICENSE — REASONABLENESS OF. — An ordinance of the city of Stockton, passed on the 25th of May, 1885, provided that a license to carry on the business of selling liquors could only be obtained by an application to the city council, founded upon the petition of the applicant, accompanied by a certificate of five respectable citizens of the neighborhood in which the business is to be conducted as to his character. The ordinance further provided that upon complying with this condition the applicant should be entitled to a license if

the city council found, from the certificate and the report made to it by the officers to whom the petition had been referred, that he was qualified to carry on the business. *Held*, that the conditions imposed upon the issuance of the license were not unreasonable, and that the ordinance was valid.

APPLICATION for a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Henry I. Kowalsky,* and *John Gibson,* for Petitioner.

*F. H. Smith,* for Respondent.

McKEE, J.—The petitioner was convicted of keeping a saloon in the city of Stockton without having obtained a license as required by an ordinance passed the 25th of May, 1885.

The ordinance was passed under charter provisions which empowered the municipal legislature, among other things, "to license, regulate, tax . . . . all tippling-houses, dram-shops, saloons, bars, bar-rooms, etc., . . . . and to fix and collect a license tax upon all occupations and trades, and all and every kind of business, authorized by law, not heretofore specified"; and it provides "that in the business of selling intoxicating drinks, wines, ales, and beers in less quantities than one quart, or to be drank on the premises where sold, and on any other business, trade, or calling not provided by law to be licensed for state and county purposes, the amount of license shall be fixed at the discretion of the city council, as they may deem the interests and good order of the city may require; also to prevent and restrain any riot or riotous assemblage, disturbance of the peace, or disorderly conduct in any place, house, or street in the city."

A grant of power to a legislative body to regulate trades and employment "at its discretion" confers power for that purpose unrestrained and unlimited, except by constitutional or statutory restrictions and limitations; that is to say, where power is given to a municipal legis-

lature to legislate upon a subject, it may be exercised in conformity to fundamental provisions of the constitution and the general laws of the state applicable to the same subject, and with its exercise courts have no power to interfere; but when legislative action results in municipal law, the validity or invalidity of the law is determinable in judicial proceedings in which the question is directly involved.

Here it is contended that the ordinance under which the petitioner has been convicted is unconstitutional and void, because it contravenes in its eighth section that part of the constitution of the United States which declares: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (14th Amend. U. S. Const.)

Section 8 of the ordinance reads thus:—

"Sec. 8. No license shall be issued for any saloon, bar, bar-room, dram-shop, or tippling-house, or any other place where intoxicating drinks, wine, ale, or beer are sold in less quantities than one quart, or to be drank on the premises where sold, except upon the order of the city council of the city of Stockton.

"Whenever any person desires to open, keep, or conduct any of the places enumerated in this section, such person shall petition the city council to order a license issued therefor, and shall present with such petition a certificate signed by five respectable citizens of said city, residing or doing business in the immediate vicinity of such proposed place, setting forth that the applicant is a person of good moral character, and a sober and suitable person to keep and conduct such a place.

"No license shall be ordered issued until the next regular meeting of the council after such petition and

certificate is received. Upon receiving such petition and certificate, the council may refer the same to the mayor, president of the city council, and chief of police for investigation as to the moral character of the applicant, and whether such applicant is a sober and suitable person to keep and conduct such place, and they shall report to the council at the next regular meeting.

"If the council finds such person to be of good moral character, and a sober and suitable person to keep and conduct such place, they shall order the clerk to issue a license. If the council shall find that the applicant is not a person of good moral character, or is not a sober or suitable person to keep and conduct such a place, they shall deny the petition.

"If the petition be denied, no license shall be issued.

"Should the council at any time determine that any person keeping or conducting any such place is not a person of good moral character, or is not a sober or suitable person to keep and conduct such place, they may revoke such order, and thereupon no further license shall issue."

There is no doubt that the right to pursue a lawful employment is one of the privileges and immunities in which the citizen is entitled to be secured and protected under the constitution and laws. Such a right cannot be abridged by municipal legislation; but, like every other right of person or property, its exercise may be regulated by law, and that is evidently the object of the ordinance whose constitutionality is assailed. Regulation with a view of revenue seems to be its scope and subject-matter. It does not prohibit the sale of intoxicants; it contains no provision which abridges the right of any one to engage in the business of selling them; but upon the basis of existence of the right, it provides by section 8 *how* the right shall be exercised.

Under the ordinance, any one who wishes to carry on a business must procure a license for that purpose. The

license is obtainable by an application to the city council, founded upon the petition of the applicant, accompanied by a certificate of five respectable citizens of the neighborhood in which the business is to be conducted as to the character of the applicant. Upon complying with this condition, the applicant is entitled to an order for the issuance of the license for which he has petitioned, if the city council, in the exercise of its jurisdiction, shall find from the certificate and the report made to it by the officers to whom the petition has been referred that he is qualified to carry on the business.

The condition upon which the license is issuable is not unreasonable. There is no force in the objection that by it the council delegates its authority to issue licenses to the five persons who may sign the certificate, or to the municipal officers who are required to investigate and report as to the character of the applicant. The condition relates only to the *mode* of applying for a license, and not to the *power* to issue it. Jurisdiction to issue is put in motion by the petition and certificate; and upon the petition, fortified by the required certificate and report as evidence, the city council acts judicially in making the order. If the applicant be a suitable person to carry on the business for which he asks to be licensed, and his application conforms to the requirements of the ordinance, the council would be bound to grant the license. But the means prescribed for procuring the license constitute the law of the application to exercise the right to carry on the business, and it is necessary to comply with the law in order to enjoy the right, if the law is valid and reasonable.

It was entirely competent for the city council, in passing the ordinance, to annex as a condition to granting a license to carry on business that an applicant for the license shall show himself to be a suitable person to carry on the business, and to provide that it shall be conducted in such a way that the business itself shall not threaten

or become dangerous to the social order of the munici-
pality. To that end, it was also competent for the coun-
cil to prescribe causes for which the license would be
forfeited.

The ordinance is valid, and the conditions prescribed
for issuing licenses under it to persons applying for
them are not unreasonable. Such conditions have been
generally upheld by the courts as proper and reasonable.
(*Ex parte Guerrero*, 69 Cal. 88; *People* v. *Meyers*, 95 N. Y.
223; *Metropolitan etc.* v. *Barrie*, 34 N. Y. 657; *Whitten* v.
*Mayor etc.*, 43 Ga. 421; *Muller* v. *Commissioners*, 89 N. C.
171; *Leighton* v. *Maury*, 76 Va. 865.)

Writ dismissed.

THORNTON, J., and SHARPSTEIN, J., concurred.