<hr />

[No. 20563.  In Bank. — August 2, 1890.]

## Ex parte HARRY CHRISTENSEN, on Habeas Corpus.

Municipal Ordinance — San Francisco — County Government Act. — The provisions of the county government act do not apply to the passage and publication of ordinances of the city and county of San Francisco.

Id. — Consolidation Act — Publication of Amendatory Ordinance. — Under section 68 of the consolidation act of the city and county of San Francisco, providing that "every ordinance, etc., shall, after its introduction in the board, be published," etc., the publication of an amendatory ordinance which is separate and complete in itself is sufficient, without republishing the original ordinance.

Id. — Conflict with General Laws — License Tax — Punishment — Rules of Evidence — Validity of Ordinance in Part. — Where a municipal ordinance imposing a license tax provides a punishment for carrying on business without such license, in conflict with that prescribed by the general laws of the state, and establishes rules of evidence in conflict with the Code of Civil Procedure, but does not conflict with general laws in any other part, and properly fixes the license fee, and provides for the license, the portion prescribing the penalty and the rules of evidence may be rejected, and the portion providing for the license may stand.

Id. — Statutory Construction — Separable Part of Law. — If part of a law or ordinance which is invalid is distinctly separable from the remainder, the latter can stand and the former be rejected.

Id. — Unconstitutional Subdivision of Ordinance. — The fact that a certain subdivision of an ordinance has been declared invalid by the

supreme court of the United States does not invalidate the remaining portions of the ordinance, where those portions are severable from the rest.

ID. — POWER OF SUPERVISORS OVER RULES OF EVIDENCE. — A city ordinance containing certain provisions in relation to the burden of proof and as to the effect of certain acts as evidence is void as to those provisions, as the board of supervisors has no power to establish rules of evidence for the guidance of courts.

ID. — VIOLATION OF LICENSE ORDINANCE — SUFFICIENCY OF COMPLAINT. — A complaint alleging that the defendant was doing business without the requisite license, and referring to the original ordinance fixing the license fee and an amendatory ordinance by number, and concluding that his acts are "contrary to the form, force, and effect of the statute in such cases," etc., is sufficient to hold the prisoner for trial, though the punishment and rules of evidence must be regulated by the general laws of the state, and not by the ordinance.

ID. — CONSTITUTIONAL LAW — REGULATION OF LIQUOR TRAFFIC — LICENSE TAX SUBJECT TO ARBITRARY APPROVAL. — A city ordinance making the issuance of a license to carry on the retail liquor business to depend upon the permission of a majority of the board of police commissioners, or if that cannot be obtained, upon the approval of twelve property owners in the block in which the business is carried on, is not in violation of the federal constitution, upon the ground that the license is made to depend upon the arbitrary will and pleasure of others, since the governing power may prohibit altogether the manufacture of and traffic in liquor, and may therefore impose such conditions thereupon as it pleases, provided that it does not interfere with interstate commerce. (MCFARLAND, J., dissenting.)

ID. — REFUSAL OF NEW LICENSE — REVOCATION — NOTICE. — Where, by the terms of an ordinance, a license to sell liquor at retail could be granted for three months only, a refusal to issue a new license after the previous one had expired is not a revocation of an existing license, and therefore no notice to the petitioner of the refusal to issue the new license is necessary.

APPLICATION for a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Alfred Clarke,* and *Jennie Laird,* for Petitioner.

*Attorney-General Johnson, Davis Louderback,* and *Joseph J. Dunne,* for Respondent.

The COURT. — The petitioner was arrested upon a charge of misdemeanor, consisting in the carrying on of the business of a retail liquor dealer in the city of San Francisco, without a license.

He contends that the ordinance prescribing the license is void, for various reasons: —

1. The original order numbered 1589 was passed in 1880. In 1866 subdivision 39 of section 10 of this order (which relates to liquor licenses) was amended by order 1845, and it is contended that this amendatory order was not properly passed and published in accordance with the provisions of the county government act.

But we do not think that the provisions of the county government act apply to the passage and publication of ordinances of the city and county of San Francisco.

It is argued, however, that even under the provisions of the consolidation act the order was not properly passed. The main point seems to be that the amendatory order only, and not the original order, was published. But there is no merit in this position. Section 68 of the consolidation act provides that "every ordinance or resolution, etc., shall, after its introduction in the board, be published," etc. This only requires the ordinance or resolution itself to be published. It does not require the republication of the ordinance or resolution which is amended or affected. Order No. 1845 was a separate order, and was complete in itself, and, in our judgment, it was sufficient to publish it only without republishing the original ordinance. In other respects it was properly passed.

2. It is urged that the order is in conflict with the general laws of the state.

The order provides for the payment of a specified license fee, and declares that violation of the order shall be a misdemeanor, and shall be punishable by a fine of not more than one thousand dollars, or imprisonment not more than six months, or both. The latest general law on the subject is section 435 of the Penal Code, which is as follows: —

"Every person who commences or carries on any

business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor."

And the punishment of misdemeanors not otherwise provided for is imprisonment for not more than six months, or a fine not exceeding five hundred dollars, or both. (Pen. Code, sec. 19.)

It is argued that these two provisions are in conflict, and *In re Sic*, 73 Cal. 143, is cited.

In *In re Lawrence*, 69 Cal. 611, it was held that the words "by any law of the state" included a municipal ordinance. In this view it must be admitted that the punishment provided by the ordinance conflicts with the *punishment* provided by the statute. But there is no other conflict between the two provisions. There is no conflict as to what the offense is. The provision of the Penal Code simply provides that whoever transacts certain business without a license shall be punished in a certain way. It does not purport to fix the license fee or provide for its issuance. For that it refers to other laws. Therefore the other laws cannot be in conflict with the code, in so far as it fixes the fee or provides for the issuance of the license. It is only in conflict with the code so far as it attempts to prescribe the punishment. This latter, however, may be discarded entirely without affecting the provision that the business shall be licensed in a certain way. If, for example, the order provided no punishment whatever for doing business without a license, but merely provided what the license should be, it would be valid, and the statute would supplement it by making the failure to comply with the order a crime, and providing the penalty. The portion of the ordinance prescribing the penalty may therefore be rejected, and the portion of the ordinance providing for the license may stand;

for nothing is better settled than that if the part of a law or ordinance which is invalid is distinctly separable from the remainder, the latter can stand and the former be rejected.

The case of Sic is not like that before us. There the law did not refer or relate to the ordinance, but each provision was complete in itself, and provided for the punishment of the same act, and the objection was, that if both were valid, a man might be punished twice for the same offense. Nothing of the kind could happen under the provisions under consideration here.

The complaint is not insufficient under this view. It states the fact that the petitioner was doing business without the requisite license, refers to the original order and to the amendatory order by number, and concludes that his acts are " contrary to the form, force, and effect *of the statute* in such cases," etc.

It is further argued that the provisions of the order are in conflict with the provisions of the Code of Civil Procedure in relation to evidence. This seems to be based upon the fact that the order makes certain provisions in relation to the burden of proof, and as to the effect of certain acts as evidence. It may be considered that the board has no power to establish rules of evidence for the guidance of courts. But the prisoner has not yet been tried, and it cannot be presumed that the court which is to try him will fall into error. These portions of the order are distinctly severable from the others, and consequently may be rejected without affecting the remainder.

6. It is argued that the order is in violation of the provisions of the federal constitution. This seems to be based upon the fact that the issuance of the license is made to depend upon the permission of a majority of the board of police commissioners, or if that cannot be obtained, upon the approval of twelve property owners

in the block in which the business is carried on. The language of the order on this point is as follows: —

"No license as a retail liquor dealer, or as a grocer and retail liquor dealer, shall be issued by the collector of licenses, unless the person desiring the same shall have obtained the written consent of a majority of the board of police commissioners of the city and county of San Francisco to carry on or conduct said business; but in case of refusal of such consent, upon application, said board of police commissioners shall grant the same upon the written recommendation of not less than twelve citizens of San Francisco owning real estate in the block or square in which said business of retail liquor dealer, or grocery and retail liquor dealer, is to be carried on."

The objection is, that this makes the license depend upon the arbitrary will and pleasure of the board of police commissioners in the first instance, and of the twelve property owners in the second, and the case of *Yick Wo* v. *Hopkins*, 118 U. S. 356, and other cases from the federal courts, are cited.

But whatever force this objection might have in reference to licenses to carry on the ordinary avocations of life, which are not supposed to have any injurious tendency, it has no force in the present case. It is well settled that the governing power may prohibit the manufacture and traffic in liquor altogether, provided only that it does not interfere with interstate commerce. (See *Mugler* v. *Kansas*, 123 U. S. 623.) And if the governing power can prohibit a thing altogether, it can impose such conditions upon its existence as it pleases.

There is no ground for raising the question of interstate commerce in this case, and therefore, even if it be conceded that the conditions were arbitrary, they were within the power of the board.

The learned counsel, in a supplemental communication, calls attention to the fact that the supreme court of the United States has just held subdivision 33 of section

10 of this same ordinance to be invalid. We presume that the decision proceeded upon the ground of interstate commerce. But that subdivision may be stricken out, and the rest of the order may stand.

The petitioner had been doing business under a license, and it is contended that he was entitled to notice of its withdrawal. But under the ordinance a license of this character could be granted for three months only. The petitioner's license expired on June 17th, and was not renewed. The complaint against him was filed June 20th. It thus appears that it was not the case of the revocation of an existing license, but of the refusal to issue a new license after a previous one had expired. In such a case we do not think that notice to the petitioner was necessary.

Various other points are made, but we do not think there is any merit in any of them.

The prisoner is remanded to the custody of the chief of police.

McFarland, J., dissented.