[Civ. No. 424.   Third Appellate District.—February 20, 1908.]

M. DAVIS, Appellant, v. BOARD OF SUPERVISORS OF MERCED COUNTY, and Members Thereof, etc., Respondents.

COUNTY ORDINANCE—CONDITION OF LIQUOR LICENSE—REMONSTRANCE BY ELECTORS—LOCAL OPTION—JUDICIAL POWER NOT DELEGATED.— A county ordinance providing that, when a license for a saloon is applied for to be located in an election precinct, a remonstrance by a majority of voters in the precinct living within one mile of the proposed saloon shall defeat the license, establishes a valid condition of the issuance of the liquor license, which involves in effect a limited local option, and does not involve any delegation to the electors of the judicial power conferred by the ordinance upon the board of supervisors.

ID.—FITNESS OF APPLICANT IMMATERIAL.—The remonstrance provided for in the law, as a condition of the license, is alone sufficient to defeat it, regardless of the question whether or not the applicant therefor is a fit and proper person to be intrusted with a license to conduct a retail liquor business.

APPEAL from a judgment of the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

John A. Wall, for Appellant.

The board of supervisors cannot arbitrarily refuse a license to a fit person. (*Reed* v. *Collins,* 5 Cal. App. 494, 90 Pac. 973; *Henry* v. *Barton,* 107 Cal. 536, 40 Pac. 798.) The action of the board is judicial. (*In re Bickerstaff,* 70 Cal. 39, 11 Pac. 393.) The power of the board cannot be delegated or vicariously exercised. (*Scollay* v. *County of Butte,* 67 Cal. 254, 7 Pac. 661; *San Francisco Gas L. Co.* v. *Dunn,* 62 Cal. 580.)

H. S. Shaffer, and Frank H. Farrar, for Respondents.

Since the traffic in intoxicating liquors may be prohibited altogether, the board of supervisors may attach any condition to the right to engage in such traffic. (*Reed* v. *Collins,* 5 Cal. App. 494, 90 Pac. 973; *Matter of Yick Wo,* 68 Cal. 303, 58 Am. Rep. 12, 9 Pac. 139; *Meagher* v. *Kansas,* 123 U. S. 623, 8 Sup. Ct. Rep. 273; *Ex parte Christensen,* 85 Cal. 208, 24 Pac. 747; *State* v. *Gerhardt,* 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313; *Groesch* v. *State,* 42 Ind. 547; *Swift* v. *People ex rel. Ferris Wheel Co.,* 162 Ill. 534, 44 N. E. 528, 33 L. R. A. 470.)

CHIPMAN, P. J.—This is an action for a writ of mandate commanding the defendants to issue to plaintiff a license to conduct a retail liquor saloon business in the town of Le Grand, Merced County, pursuant to ordinance No. 107, duly made and passed by defendants. The writ was denied and plaintiff appeals from the judgment.

Section 25 of ordinance 107 is as follows:

"No license shall be granted to carry on such business within the territory embraced in any election precinct in said county if a number of electors equal in number to a majority of the whole number of electors residing in said election precinct within one mile of the proposed place of business shall sign a written protest and file the same with the clerk of said board at or prior to the time of said hearing, or if, from any other cause, it shall appear to said board upon said hearing

that said applicant is not a fit and proper person to be entrusted with such license to conduct such business, or if it shall appear that such application is not made in good faith, or that the proposed location of said business is objectionable, or that any rule of said board would be violated, or that any of the statements made in such application are willfully untrue, or for any other reason deemed by the board sufficient for such refusal, whether presented by protest filed with the clerk of said board or otherwise. . . .

"If upon such hearing it shall appear to the said Board that the applicant is a proper person to be entrusted with the conduct of such business, and the place designated in said application is a proper place for the carrying on said business, the Board shall make an order approving said application and directing the Clerk of said Board to issue to said applicant a permit to carry on said business."

Plaintiff filed his application with said board pursuant to said ordinance, which later came on duly to be heard and was heard. Prior to the hearing there was filed with said board and at said hearing was considered the protest in writing of a majority of the whole number of electors residing in the election precinct within one mile of the proposed place of business of plaintiff. The board of supervisors made an order, which, after certain recitals, reads as follows: "It appearing that a majority of the electors residing within one mile of the proposed place of business have signed the petition objecting to the granting of a license, it is unanimously ordered that the application of M. Davis (petitioner) be and the same is hereby denied."

The following stipulation was entered into at the trial:

"It is stipulated and agreed, that the averments, as a defense, contained in the answer of the defendants, particularly showing that the denial of the application of the plaintiff for a liquor license was solely and entirely by reason of the filing of the protest, designated as Exhibit 'A,' in said Answer, are true. It is admitted that the Commercial Hotel in the town of Le Grand would be a proper place for the conduct of a saloon business, provided a majority of the electors of Plainsburg precinct, residing within one mile of said Commercial Hotel, did not object to having any saloon in said town of Le Grand."

Appellant makes but two points: First, that the board of supervisors cannot, upon a protest alone, refuse the license, but that it must appear that the applicant is an unfit person, of which latter fact the protest is but evidentiary; secondly, that in granting or refusing a license the board acts in a judicial capacity and cannot delegate its authority to any number of citizens.

1. Appellant's first point seems to rest upon a construction to be given the ordinance itself which he contends does not give the board authority to refuse the license upon the fact alone that the protest mentioned in the ordinance has been filed. We cannot agree with appellant. It seems quite clear to our minds that the ordinance was intended to declare, and clearly does declare, that where a majority of the electors in any election precinct, residing within one mile of the proposed saloon, sign and file a written protest against granting the license, no license shall be granted. This provision of the ordinance is not limited or restricted by the subsequent provisions, but the protest itself is sufficient to defeat the application regardless of the fact as to whether or not the applicant is "a fit and proper person to be entrusted with such license to conduct such business." It is but a form of limited local option. There is nothing in *Reed* v. *Collins,* 5 Cal. App. 494, [90 Pac. 973], in conflict with this view. No such ordinance as we have here was involved in that case.

2. We are unable in the provision commented upon to discover any delegation of judicial power conferred by the ordinance upon the board of supervisors. Aside from this question, the power to enact the ordinance is not assailed, and we need not discuss its constitutionality upon any other ground. The point is that the giving of conclusive effect to the protest is equivalent to allowing the electors to decide, thus taking the determination away from the board. Appellant cites *In re Bickerstaff,* 70 Cal. 35, [11 Pac. 393], quoting as follows: "The condition only relates to the mode of applying for a license, not the power to issue it. Jurisdiction to issue is put in motion by the petition and certificate; and upon the petition, fortified by the required certificate and report as evidence, the city council acts judicially in making the order." This was said with reference to an ordinance which required the petition to be accompanied by a certificate

of five respectable citizens to the good moral character, sobriety and suitableness of the applicant to keep and conduct a saloon. The court further said: "But the means pre- scribed for procuring the license constitute the law of the application to exercise the right to carry on the business, and it is necessary to comply with the law in order to enjoy the right, if the law is valid and reasonable. It was entirely competent for the city council, in passing the ordinance, to annex as a condition to granting a license to carry on busi- ness. that an applicant for the license shall show himself a suitable person to carry on the business, and to provide that it shall be conducted in such a way that the business itself shall not threaten or become dangerous to the social order of the municipality." We see no essential difference in the two cases. In the case cited the license could not be granted unless a certain certificate of citizens attested the good moral character of the applicant, while here the license is not to be granted if a certain number of certain electors protest against it. In both cases the ordinance prescribes the con- dition on which the applicant may hope for the success of his application—in the one case his application is made to de- pend upon his obtaining a certificate of certain persons; in the other it will be denied if certain persons object.

*Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747], involved an ordinance not unlike that in *Ex parte Bickerstaff,* 70 Cal. 35, [11 Pac. 393], the supervisors being restrained from granting the license except upon the written consent of a majority of the board of police commissioners, or, in case of their refusal, then upon the written recommendation of not less than twelve citizens of San Francisco owning real estate in the block or square in which said business of retail liquor dealer is to be carried on. The objection there made was that the license was made to depend upon the arbitrary will of the board of police commissioners or of the property owners. The court said: "But whatever force this objection might have in reference to licenses to carry on the ordinary avoca- tions of life, which are not supposed to have any injurious tendency, it has no force in the present case. It is well settled that the governing power may prohibit the manu- facture and traffic in liquor altogether, provided only that it does not interfere with interstate commerce. (See *Meagher*

v. *Kansas,* 123 U. S. 623, [8 Sup. Ct. Rep. 273].) . And if the governing power can prohibit a thing altogether, it can impose such conditions upon its existence as it pleases.''

Let us suppose an ordinance requiring that a majority, instead of twelve, as in the Christensen case, of the electors in the election precinct first give their written consent before the board is empowered to grant the license; is there any essential difference in such a case from that where it is made unlawful for the board to grant the license if before the board has acted a majority of the electors file a written protest against granting the license? We see none. The law has prescribed the condition, upon which the license may or may not issue, and the issuing of the license is but made to depend upon the condition prescribed by the law.

*State* v. *Gerhardt,* 145 Ind. 439, [44 N. E. 469, 33 L. R. A. 313], arose under an act of the legislature, section 9 of which provided that if a remonstrance in writing, signed by a majority of the legal voters of any township shall be filed with the auditor of any county three days before any regular session of the board of commissioners, against the granting of a license to any applicant for the sale of spirituous liquors within said township, it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the date of filing such remonstrance. Among other objections it was urged against this law that it delegated legislative powers to the county commissioners and that it empowered a majority of the voters of a township to suspend the operation of general laws. In an elaborate opinion the act was sustained. The principle there discussed and decided is the same as in the present case and meets our entire approval.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1908.