[Civ. No. 443.   Third Appellate District.—August 15, 1908.]

.J. T. DENTON, Appellant, v. W. A. VANN, et al., Members. of Board, etc., and the BOARD OF SUPERVISORS OF THE COUNTY OF COLUSA, STATE OF CALIFOR-NIA, Respondents.

COUNTY ORDINANCE—SALE OF LIQUORS IN PRECINCTS—CONDITIONAL PRO-HIBITION—VOTE OF MAJORITY OF ELECTORS—VALIDITY.—A county ordinance prohibiting the granting of any license to sell intoxicat-ing liquors in any election precinct outside of a municipal corpora-tion, in which, at the last general election, a majority of the electors of the precinct voted against the granting of liquor licenses therein, is not a delegation of legislative power, but establishes a valid con-dition of the granting of such licenses by the governing power, which may prohibit the sale of liquor altogether within its jurisdic-tion, and may impose such conditions upon its existence as it may choose to enact.

APPEAL from a judgment of the Superior Court of Colusa County.   H. M. Albery, Judge.

The facts are stated in the opinion of the court.

A. A. De Ligne, for Appellant.

Seth Millington, Dudley Kinsell, and C. C. Hamilton, for Respondent.

NUTTER, J.—This is an action for a writ of mandate to compel the board of supervisors of the county of Colusa to approve a bond presented by appellant to the board upon an application made by him for a license to conduct a saloon in Maxwell precinct in said county.   The board declined to ap-prove the bond, for the reason that the electors in Maxwell election precinct at the last general election voted that no saloon licenses should be issued in that precinct.   Issues were properly joined, a trial had, at the conclusion of which the court made findings of fact from which it drew its con-clusions of law.   Judgment thereon passed for respondent board and this appeal was taken therefrom.

The court found that the appellant at the beginning of the license year commencing on the first day of November,

1907, filed an application for a license to maintain and conduct a saloon in Maxwell election precinct for the sale of liquors, and complied with all the requirements of the ordinance known as No. 49; and that the board of supervisors rejected and denied the appellant's application and refused such license. It further found that ordinance No. 49 was duly enacted on the seventh day of October, 1903; that said ordinance No. 49 was amended by the enactment of ordinance No. 56, which said amendatory ordinance went into full effect and force October 20, 1906, and ever since has been in full force and has not been repealed, modified, altered or amended. The portion thereof in controversy here is as follows:

"Section 1. Section VIII of Ordinance No. 49 of Colusa County, California, dated October 7, 1903, as amended by Ordinance No. 55, passed August 10, 1906, is hereby amended to read as follows: (a) No license shall be granted for the sale of spirituous, malt or fermented liquors or wines in any quantity, at any fixed place of business in any precinct, outside of a Municipal Corporation in said Colusa County, excepting for the license year ending November 1, 1907, to persons engaged in business on the 1st day of October, 1906, unless at the previous general election there shall have been placed upon the ballots in each of said precincts in the manner provided by Section 1197 of the Political Code of the State of California, for submitting questions to the vote of the people the words: 'For granting liquor licenses. Yes. For granting liquor licenses. No.' (b) No license for the sale of spirituous, malt or fermented liquors or wines in any quantities at any fixed place of business, shall be granted in any precinct outside of a municipal corporation in said Colusa County where at the last general election the majority of votes cast upon said question as provided in Subdivision (a) of Section 1 of this Ordinance was against the granting of liquor licenses."

The court also found: "That at the general election held in Colusa County, State of California, on November 6, 1906, for the election of State, County and Township officers, there was placed upon the ballots used in said election, in each of the precincts of said Colusa County, outside of municipal corporations, in the manner provided by Section 1197 of the Political Code of the State of California, for the submitting questions to the vote of the people the words: For granting liquor licenses. Yes. For granting liquor licenses. No. That at the last gen-

eral election held in Colusa County prior to November 4, 1907, and prior to December 2, 1907, to-wit: the general election held in Colusa County, State of California, on November 6, 1906, for the election of State, County and Township officers, the majority of votes cast upon said question, as provided in subdivision (a) of Section 1 of said Ordinance No. 56 was against the granting of liquor license in the precinct of Maxwell in Colusa County, State of California, which said precinct of Maxwell is the precinct in which plaintiff proposes, and did propose to engage in the business of selling liquors and wines as set forth in his complaint and petition herein.''

The court also made the following conclusions of law:

''I.    That Ordinance No. 49 as amended by Ordinance No. 56 is a valid ordinance of Colusa County, and at all times since October 20, 1906, has been and now is in full force and effect.

''II.    That said amendatory Ordinance No. 56 is a valid ordinance of Colusa County, and the terms and provisions are, and each of them is within the scope of the power and authority of the Board of Supervisors of said County to enact; that said amendatory ordinance is, and at all times since October 20, 1906, has been in full force and effect.

''III.    That the action of the Board of Supervisors of Colusa County in refusing to approve the bond of plaintiff herein was not arbitrary or without cause, but was in strict compliance with, and obedience to the provisions of said Ordinance No. 49, as amended by said Ordinance No. 56, and was with the right, authority, and requirement of said Ordinance.

''IV.    That plaintiff is not entitled to a writ of mandate directing or requiring defendants herein to approve the bond of plaintiff described in his complaint and petition herein, nor to any relief in the premises.''

Section 11 of article XI of the constitution provides:

''Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.''

Section 1 of article XI of the constitution provides:

''The several Counties as they now exist are hereby recognized as legal subdivisions of this State.''

There is no controversy between appellant and respondents as to the fact that the provisions of the constitution above quoted do directly confer on counties the power to make

police regulations, and that the power is not dependent upon statutory as distinguished from constitutional authority; but appellant contends that the constitution does not provide whether such power shall be exercised by the board of supervisors or by the people of the county directly. Respondents,. on the other hand, contend that not only is state legislative authority unnecessary to enable the board of supervisors to enact all requisite local laws for the regulation of the sale of liquor, but, on the contrary, any attempt on the part of the state legislature to enact statutory restrictions upon this vested constitutional right of local legislation would be an invasion of the power of the local legislative body of the county, and, to that extent, unconstitutional and void. The constitution at the time of its adoption recognized the counties then in existence as legal subdivisions of the state duly organized, and provided that the legislature in the creation of new counties should define their boundaries, and provide for the election of officers therein, and when the people within the defined territory elected such officers, and they qualified, a local county government was thereby organized and established in such new county, and then there immediately vested in such county thus organized the constitutional grant of power. This direct constitutional grant of power to the counties must be construed to mean counties in their organized condition as bodies politic, and is an authorization by the constitution to the local legislative body as the representative of the county thus organized to exercise the powers thereby granted in enacting local laws.

This brings us, then, to a consideration of the ordinances, and whether in their terms they are within the scope of the power and authority of said board of supervisors to enact, and whether the action of the board was arbitrary or without cause. The weight of authority is to the effect that the constitutional right of a person to engage in business. does not apply to one desiring to engage in the retail liquor traffic, but before so engaging one must apply for a permit to the sovereign power, which power has retained unto itself the right to permit or withhold the right altogether, or to grant the permit upon such conditions as it pleases, either in the mode of applying therefor, or in its exercise, if granted.

It is the declared law of this state that the governing power of the county or municipality may prohibit the manufacture

or sale of intoxicating liquors altogether, or that such county or municipality may impose such conditions upon the sale of such liquors as it pleases.   It was said in *Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747] : "But whatever force this objection might have in reference to licenses to carry on the ordinary avocations of life, which are not supposed to have any injurious tendency, it has no force in the present case.   It is well settled that the governing power may prohibit the manufacture and traffic in liquor altogether provided only that it does not interfere with interstate commerce.   (See *Mugler* v. *Kansas,* 123 U. S. 623, [8 Sup. Ct. Rep. 273].)   And if the governing power can prohibit a thing altogether, it can impose such conditions upon its existence as it pleases."   This doctrine was affirmed in *Davis* v. *Board of Supervisors of Merced Co.,* 7 Cal. App. 571, [95 Pac. 170].   In *In re Kidd,* 5 Cal. App. 159, the court say: "This ordinance, regularly adopted, in plain terms prohibits the sale of all intoxicating liquors in said city by any person, except that the council may issue a permit to keepers of hotels having forty bedrooms or more to sell vinous and malt liquors served in the dining-room thereof as part of a regular meal.   The ordinance is claimed to destroy petitioner's right to engage in business upon the same terms as other citizens, and that it creates a monopoly in favor of a certain class.   Let the correctness of his conclusions be assumed, and we have a case where the law-making power is regulating a business, the tendency of which is injurious to the public morals, safety and welfare.   The statistics of every state show a greater amount of crime and misery attributable to the use of ardent spirits obtained at these retail liquor saloons than any other source. . . . There is no inherent right in a citizen thus to sell intoxicating liquors.   (*Foster* v. *Police Commissioners,* 102 Cal. 491, [41 Am. St. Rep. 194, 37 Pac. 763].)   It is only a calling not in any way injurious to the community which every one has a right to pursue.   (*In re Parrott,* 6 Saw. 349, 1 Fed. 481.)   That the legislative power may prohibit a traffic by retail of intoxicating liquors is conceded.   If the governing power can prohibit a thing altogether, it may impose such conditions upon its existence as it pleases, even arbitrary ones.   (*Ex parte Christensen,* 85 Cal. 213, [24 Pac. 747].)"

The ordinance does not delegate any legislative power.   It is not a case where the electors are called upon to determine

whether a certain ordinance shall be passed by the local legis-
lative body. The board for itself in its legislative capacity
determined to enact the ordinance without suggestion from
the electors and did enact it as a law, in full effect, October 20,
1906, and thereby did prohibit the granting of licenses for the
sale of liquors in any quantity in all the precincts of said
county outside of incorporated cities, except upon certain
conditions. It prescribed a condition that must exist before a
license could be granted, and the electors of the several pre-
cincts were called upon to express themselves by ballot upon
this condition, with which condition an applicant for the issu-
ance to him of a liquor license must comply and present proof
thereof to the board, before it, the board, had jurisdiction,
acting in its ministerial or quasi-judicial capacity to grant
said license; but if the electors did not express themselves upon
this condition, the ordinance still remained in full force and
effect as a prohibitive measure. Its validity as a local law was
in no wise impaired. The court in the case of *Davis* v. *Board
of Supervisors of Merced Co.,* 7 Cal. App. 571, [95 Pac. 170],
in speaking to the question of the condition imposed, and in
comparing the points enunciated in *In re Bickerstaff,* 70 Cal.
35, [11 Pac. 393], said: "We see no essential difference in the
two cases. In the Bickerstaff case the license could not be
granted unless a certain certificate of citizens attested the
good moral character of the applicant, while here the license
is not to be granted if a certain number of electors protest
against it. In both cases the ordinance prescribed the condi-
tion on which the applicant may hope for the success of his
application—in the one case his application is made to depend
upon his obtaining a certificate of certain persons; in the other
it will be denied if certain persons object." So in the present
case, to say that the board of supervisors could be legally gov-
erned as to any exercise of power in the granting or refusing
of retail liquor licenses by a protest of a majority of the quali-
fied electors of an election precinct, established by a written
and signed petition, and that the same board could not be
legally governed by the recorded will of the same qualified
electors of the same precinct, established as the result of a
general election held therein, would be to hold that there is
more sanctity to be given to a mere signed petition than there
is to the solemn, secret and deliberate result secured through
the safeguards of a general election.

It may be said, further, that if an ordinance permitting the protest of a majority of the electors of a precinct to govern and determine the board of supervisors of a county upon the question of refusing a license to sell intoxicating liquors by retail is a valid exercise of authority on behalf of such board, we can see no reason why it is not within the scope or authority of such board to enact an ordinance, and be governed by its provisions, wherein the recorded will of the majority of the electors of an election precinct, as shown by the last general election, may be determinative and decisive upon the question of granting or refusing such license.   In the one case a written protest signed by a majority of the qualified electors of an election precinct forms the basis of the denial of the license, independent of the character of the applicant, or the place where the proposed business of selling liquor is to be carried on, and, on the other hand, the applicant, as a condition precedent, must present to the board of supervisors with his bond and application evidence to the effect that a majority of the electors have at the last general election favored the granting of licenses in the election precinct where he proposes to establish his retail liquor business.

In principle we see no difference between the cases heretofore cited and the case at bar.   The conclusions of law reached by the trial court were correct.

The judgment is therefore affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 12, 1908.