THOMAS H. KIMMELL et al.

vs.

THE MAYOR AND COMMISSIONERS OF WEST-
ERNPORT et al.

*Municipal Powers—Sale of Soft Drinks—Requirement of
License.*

When a case is heard by agreement upon bill and answer,
without evidence being taken, the truth of all matters set out
in the answer, which are susceptible of proof, is admitted.

p. 508

Under the provision of the charter of Westernport, as
amended by Acts 1920, c. 714, authorizing the town council to
regulate and license the business of conducting restaurants,
saloons, hotels or any other business enterprise, the Mayor and
Commissioners had power to pass an ordinance requiring any
person applying for a license to conduct a restaurant, ice-cream
parlor, soda-water fountain, or to sell soft drinks, near beer,
and general beverages, to make a written application, stating
the character and location of the intended business, with a cer-
tificate from five reputable property owners in that neighbor-
hood as to the applicant's moral character, and authorizing
the Mayor and Commissioners to refuse such license in case the
applicant is not, in their opinion, of good moral character, or
the location named is not a proper one for the business.

pp. 509, 512

Such ordinance is not *ultra vires* or in restraint of trade,
and does not tend to create a monopoly and to deprive an unsuc-
cessful applicant for a license of his property and business
without due process of law.                              p. 512

The sale of soft drinks, is not, under present conditions, and
in view of the past experience of Westernport and other towns,
so innocuous as not to be made the subject of regulations.

p. 512

*Opinion filed February 25th, 1922.*

Appeal from the Circuit Court for Allegany County, in Equity (HENDERSON, J.).

Bill by Thomas H. Kimmell and Howard Springer, trading as Springer & Kimmell, and others, against the Mayor and Commissioners of Westernport, and Charles F. Peters, Bailiff. From a decree for defendants, plaintiffs appeal. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Bernard V. Welsh,* for the appellants.

*Horace P. Whitworth,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The firm of Springer & Kimmell, William McNeal, Peter Felice, Peter Weisengoff, and Everett E. Springer, restaurant keepers, in the town of Westernport, Allegany County, Maryland, each on May 2nd, 1921, obtained from the clerk of the circuit court for said county a trader's license and a restaurant license, and thereafter applied to the Mayor and Commissioners of the Town of Westernport and its bailiff for the issuance to each of them of a restaurant license, required under an ordinance passed by said municipality.

This license was refused them. Whereupon they filed a bill against the appellees, the Mayor and Commissioners of Westernport, and Charles F. Peters, its bailiff, asking:

"First—That a writ of mandamus be issued directing and commanding said appellees, defendants below, to issue said restaurant license to each of them.

"Second—That the defendants, their agents or servants, be enjoined from interfering with or prohibiting them, the appellants, 'in the carrying on and the running of their restaurant business under their said State and county license.'"

Upon the filing of the bill the injunction, as prayed, was granted pending the proceedings.

The defendants thereupon answered the bill, and by agreement between the parties and without objection as to the manner in which the questions to be determined were raised, the case was héard upon the bill and answer without evidence, and a decree was passed thereon, by which the mandamus was refused and the injunction, previously passed, cancelled and annulled, and the questions presented by the bill and answer finally determined and disposed of.

It was from that decree that the appeal in this case was taken.

The learned court below filed his opinion, in which he stated the principles and reasons by which he was influenced and controlled in passing the decree, and upon them we have rested our decision and affirmed the decree by the *per curiam* opinion heretofore filed.

The opinion is as follows (Henderson, J.) :

"This case by agreement was heard upon bill and answer, without evidence having been taken. I understand the purport of that agreement to be that the old rule in regard to a final hearing on bill and answer applies, that is to say, that the truth of all the matters set out in the answer, which are susceptible of proof, is admitted, in spite of the new equity rule.

"The complainants have been for some time restaurant keepers in the Town of Westernport, under a State and county license. But in 1920, chapter 714, the Legislature amended the charter of the Town of Westernport, giving the town council, amongst other powers, the right 'to charge for and grant licenses for marketable commodities and for carrying on any business, trade, industry, profession or occupation within the limits of said town, and more specifically in connection therewith, but not by way of limitations or restrictions, to regulate and provide for the issuing of licenses or permits for all hawking, pedling, etc., to regulate and

license the business of conducting restaurants, saloons, hotels or any other business enterprise carried on within said town.

"Under these powers, the Mayor and Commissioners passed Ordinance No. 24, which is the basis of this complaint. Under that ordinance, it was provided, in section 1, that before any license shall be issued to carry on the business of conducting a restaurant, ice cream parlor and soda fountain or for conducting a restaurant or lunch room, wherein are sold soft drinks, near beers and general beverages, or for conducting in a store or business place or parlor the sale of soft drinks, near beer and general beverages, an application for such license shall be made in writing, signed by the owner and proprietor thereof, which application shall state the character of the business to be conducted, the location of same within the corporate limits, and shall have affixed thereto the signatures of at least five reputable owners of property residing in the neighborhood designated, certifying to the moral character of the applicant, and such license shall not be transferable, either as to the personnel of the licensee or the place of business designated, without the consent of the Mayor and Commissioners. Under section 2 it is provided that the Mayor and Commissioners 'shall have full authority to refuse any such licenses so applied for, whenever in their opinion, the party applying for same is not of good moral character, or whenever, in their opinion, the place proposed to carry on the business is not a proper one, taking into consideration the peace and good order of the neighborhood and the availability of police supervision.'

"Section 3 provides for the posting of a copy of the application for ten days before the license is issued and the filing of objections, and the giving of a hearing by the Mayor and Commissioners. Section 4 provides for the revocation of the license, but is not in issue in this case.

"The complainants, as shown by paragraph 4 of the answer, applied for a license for conducting a 'restaurant or lunch room wherein are sold soft drinks, near beers and general beverages.' Paragraph 7 alleges that objections were

filed to the granting of the license in proper form under the ordinance, and that the commissioners notified the complainants of the objections, set a time for the hearing of the same, and did hear the same, giving the complainants full opportunity to be heard thereon, and alleges that they were heard, and that the Mayor and Commissioners in good faith refused said license under the discretion vested in them by the said ordinance. The ordinance is objected to by the plaintiffs on the ground that it is *ultra vires,* unconstitutional and in restraint of trade, and tends to create monopolies and deprive the plaintiffs of their business without due process of law.

"A good deal of stress has been laid by the plaintiffs on these words in the charter 'and more specifically in connection therewith, but not by way of limitations or restrictions, to regulate,' etc., it being claimed that these latter words apply to the town's power to charge for and grant licenses within the town, but after a careful consideration of the language, I am of opinion that it is not intended to mean any such thing, but is used with the meaning that the general powers to license and regulate business, given before the use of these words, is not to be limited or restricted by the listing or the cataloguing of the different business before their use or by the itemized listing and naming of certain businesses after said use. If this is correct, we may, I think, leave those words out of the further consideration of the case."

"The town having clearly the authority to license and regulate the business of keeping a restaurant, the question is whether Ordinance No. 24 does regulate the business in accordance with an approved meaning of the words, 'regulate and license.' In *Dillon, Munc. Corp.* (5th ed.), vol. 2, sec. 665 *et seq.,* there is an illuminating discussion of the scope or power to regulate. In section 666 the result of the discussion is stated in this way: 'But there is a limit to the power of regulation. If a regulation, enacted by competent authority, avowedly, for the protection of the public safety, health and welfare, has a real and substantial relation to these objects, the courts will not strike it down upon grounds merely of

public policy or expediency.  If the regulation does not have any real or substantial relation to these objects and violates rights secured by the fundamental law and interferes with the enjoyment of individual rights beyond the necessities of the case, such regulation exceeds the legislative authority of the State and cannot be sustained.  And it has been said that certain trades and occupations are so innocuous and innocent that they cannot be made the subject of regulation, either by the State or by municipal corporation, acting under delegated authority.  But this statement must always be taken subject to the general rule that even these trades and occupations are subject to such regulations in the exercise of police power as may be properly directed against the individuals composing the community at large.'

"Examining the ordinance in the light of this general statement of the law, it seems to me to be unobjectionable.  The object to be accomplished has a definite and clear relation to the public health, welfare and safety.  It is well known to the Court that Westernport has been peculiarly a place by its geographical situation, of illegal sale of intoxicated liquors, and that all sorts of devices and subterfuges have been indulged in there to evade the provisions of the prohibition law, and that this condition of affairs has been beyond the power of the local police to deal with.  One of the favorite means of evading the law is by the sale of intoxicating liquors under the guise of soft drinks.  It has been found that this is a particularly hard evasion of the law to deal with, and that the sale of moonshine whiskey, adulterated with wood alcohol in such way as to be extremely deleterious to the health, has been frequently indulged in, not only in Westernport, but elsewhere.  The town authorities, finding the difficulty of meeting this situation, came to the conclusion, apparently, that the best means of coping with it was not alone the prohibitory laws, but the character of the persons in that business, and the provisions of the ordinance are intended as a security that none but persons of too high a character to attempt any evasion of the dry laws, shall be permitted to go

into the soft-drink business. The particular means they have adopted under the ordinance, seem to me to be entirely reasonable and well adapted to the end in view, and to be justified by the experience of Westernport heretofore. There is no prohibition of the business of selling soft drinks, nor is that business under present conditions and in view of the past experience of this town and others so innocuous and innocent a business that it cannot be made the subject of regulations."

"This is not a position without precedent. The law has adapted itself to new conditions arising and the courts have dealt with this same question elsewhere in the same manner. In 19 *R. C. L.*, p. 953, the matter is discussed and precedents cited. In a note to *City of Portland* v. *Trainer*, 6 A. L. R. Ann., p. 1415, 183 Pac. 933, a number of authorities are cited, the general purport of which is to support the conclusions herein arrived at."

"See also *Riley* v. *Chambers*, 8 A. L. R., p. 418, 185 Pac. 755; *In re Bickerstaff*, 11 Pac. Rep. 393. The authorities cited and the principles laid down both seem to me to answer all the contentions of the plaintiffs and to prove that said ordinance, under which the action of the commissioners was taken, is not unconstitutional, is not *ultra vires* or in restraint of trade, and does not tend to create a monopoly and to deprive the plaintiffs of their property and business without due process of law. It is nowhere alleged in the petition for a mandamus that the plaintiffs are men of the character required by the ordinance and that their place of business is a proper one, taking into consideration the peace and good order of the neighborhood and the availability of police supervision, nor was it alleged that the town acted unfairly in coming to the conclusion to reject the application, as they did have a full hearing. The mandamus therefore, will and is hereby refused, and the restraining order heretofore passed on the 9th day of May, 1921, and the injunction issued thereunder be, and they are hereby vacated and annulled."

"The question of the fairness of the amount of the license has not been gone into in the case, and I do not understand

that it is objected to. Of course, under the power to license, the commissioners have no power to levy taxes, and if it could be shown that this ordinance is really a taxing ordinance, rather than a licensing and regulating one, it might be held invalid on that ground, but I want to make it clear that Westernport has the power to regulate, in the manner which it has done, the business of selling soft drinks, near beer, etc., and if this ordinance is void because of any excessive charges for the license, a new ordinance can be passed which will obviate this objection."

It was, as we have stated, for the reasons given in the opinion of the court below that the decree was affirmed by the *per curiam* opinion heretofore filed.